NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JARED ROBERT GEORGE GROW, *Petitioner/Appellee*,

*v.*

JENNIFER MARIE GROW, *Respondent/Appellant*.

No. 1 CA-CV 16-0032 FC
FILED 5-9-2017

Appeal from the Superior Court in Maricopa County
No. FC2009-071164
No. FC2009-071402
(Consolidated)
The Honorable Jeanne M. Garcia, Judge

**AFFIRMED**

COUNSEL

Gavin A. Curtis, Attorney at Law, Surprise
By Gavin A. Curtis
*Counsel for Petitioner/Appellee*

Jennifer Marie Grow, Surprise
*Respondent/Appellant*

## MEMORANDUM DECISION

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

B E E N E, Judge:

¶1        Jennifer Grow ("Mother") appeals the superior court's modification of child support owed by Jared Grow ("Father").  For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        Mother and Father have two minor children.  In 2010, Mother and Father finalized their divorce and the resulting dissolution decree required Father to pay child support.

¶3        In May 2013, Mother moved to modify child support.  As the motion was pending, Father accepted a job as an administrative nurse, which resulted in an income reduction.  In a September 2013 order, the superior court increased Father's child support obligations based on his historic work schedule and pay rate, rather than his new pay rate.  Father did not appeal.

¶4        In October 2013, Father once more reduced his income by resigning from his second job and taking a full–time position with his first employer.  In February 2014, Father petitioned for a modification of his child support obligation.  After testimony and evidence, in an October 2014 order, the superior court reduced Father's child support obligation.  After filing a number of motions after October 2014, Mother appealed the superior court's order.

¶5        We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101 (2017).[1]

---

[1]        Absent material revisions after the relevant date, we cite a statute's current version.

**DISCUSSION**

**¶6**         A child support obligation may be modified only on a showing of changed circumstances that are substantial and continuing. A.R.S. § 25–327(A) (2017). "The decision to modify an award of child support rests within the sound discretion of the trial court and, absent an abuse of that discretion, will not be disturbed on appeal." *Little v. Little*, 193 Ariz. 518, 520 (1999). An abuse of discretion exists when the record is "devoid of competent evidence" to support the child support modification. *Id*.

**¶7**         Mother argues that the doctrines of *res judicata* and collateral estoppel prevented the superior court from modifying the September 2013 order because there were no changed circumstances. Mother's arguments present issues of law, which we review *de novo*. *Corbett v. ManorCare of Am., Inc.*, 213 Ariz. 618, 623, ¶ 10 (App. 2006).

**¶8**         *Res judicata* protects parties from relitigating the same issues by precluding a claim "when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action." *Hall v. Lalli*, 194 Ariz. 54, 58, ¶¶ 6–7 (1999). Likewise, collateral estoppel precludes relitigating a claim when "the issue or fact to be litigated was actually litigated in a previous suit, a final judgment was entered, and the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter and actually did litigate it, provided such issue or fact was essential to the prior judgment." *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573 (1986).

**¶9**         Generally, *res judicata* and collateral estoppel will not apply to child support rulings because they are modifiable by statute. *See* A.R.S. § 25–327(A). Nonetheless, Mother contends that the changed circumstances responsible for the modification of Father's child support obligation occurred before the superior court's September 2013 modification. However, Mother admits and the record shows that Father resigned from his second job in October 2013, one month after that first modification ruling. Neither *res judicata* nor collateral estoppel can apply to preclude Father's child support modification claim because the changed employment was not litigated in the September 2013 modification ruling. The changed circumstances warranting the child support modification at issue here did not occur until October 2013, when Father resigned from his second job and accepted full–time employment at his first job. When faced

with new evidence of Father's changed income, the superior court did not act contrary to the doctrines of *res judicata* and collateral estoppel.

¶10        Second, Mother argues that the superior court erred when modifying Father's child support obligation because there was no competent evidence showing Father obtained different employment after the September 2013 modification ruling and there is no competent evidence supporting Father's asserted reasons for voluntarily reducing his income by accepting a full–time position as an administrative nurse.

¶11        The superior court heard testimony from Father about changed circumstances that were continuous and substantial.   Father testified that his financial situation changed because his wife recently gave birth, he recently "went from a non–benefited, full–time position at one facility to a salaried position" with benefits at another facility, changing positions afforded him more time with his children and wife, and he voluntarily resigned from his second job because of a conflict of interest. Father also testified that if his child support obligations were not adjusted he would be unable spend more time with his family.

¶12        Mother elicited testimony and presented evidence that Father's reduction in income was voluntary, Father had the ability to acquire full benefits from his employer in 2012 but chose not to, and questioned Father on his purported reasons for resigning from his second job, including testimony that Father continued to work overtime.

¶13        When evidence is conflicting, the superior court may make a finding provided there is substantial evidence to support it.  *Imperial Litho/Graphics v. M.J. Enters.*, 152 Ariz. 68, 77 (App. 1986).   The court determined that, since the September 2013 modification, "Father has obtained different employment which pays less than his previous job (where he often worked overtime)."   The court accepted Father's asserted reasons, except the conflict of interest reason, for resigning from his second job.  Because there was competent evidence supporting Father's changed circumstances and his asserted reasons for the changed circumstances, the court did not abuse its discretion.

¶14        The superior court's modified child support order follows the Child Support Guidelines based on the reported income of both parents, using Father's current income rather than a historical average.  The court properly did not penalize Father for working additional hours.  *See* A.R.S. § 25–320 app. § 5(A) (2017) ("Each parent should have the choice of working additional hours through overtime or at a second job without increasing the

child support award.").  Accordingly, the court did not abuse its discretion in modifying Father's child support obligation.

¶15        Father requests an award of attorneys' fees and costs on appeal pursuant to A.R.S. § 25–324.  After review, that request is denied.

## CONCLUSION

¶16        For the foregoing reasons, we affirm the superior court's order granting Father's petition to modify child support.



AMY M. WOOD • Clerk of the Court
FILED:  AA